**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| Crystal C. Babbin, | Case No. |
| Plaintiff, | Hon. |
| v. | Magistrate Judge: |
| Laura A. Muirhead, | **COMPLAINT** |
| Defendant. | **Jury Demanded** |

Bradley L. Smith (P48138)
ENDURANCE LAW GROUP PLC
133 W. Michigan Avenue, Suite 10
Jackson, Michigan 49201
(517) 879-0253
Attorneys for Plaintiff
bsmith@endurancelaw.com

Plaintiff Crystal Babbin complains against defendant Laura Muirhead as follows.

## SUMMARY OF ACTION

1. This action seeks an injunction and recovery of damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*., and a declaration that defendant may not use or register her reproduction of the Copyrighted Work as a trademark. Plaintiff Crystal Babbin owns the sole and exclusive rights to reproduce a drawing of the Pentwater gazebo in the vicinity of Pentwater Michigan. Defendant Muirhead knows that the Work is protected by a registered copyright and that Plaintiff is the sole licensee for its commercial use. Nevertheless, defendant without authorization personally copied the Work and reproduced it at least 100 times, engraving a close copy on coins sold in Pentwater to promote defendant's commercial website: www.lauramuirhead.com.

## PARTIES AND JURISDICTION

2. Plaintiff Crystal C. Babbin is an individual residing at 134 S. Hancock St., Pentwater, Michigan 49449 in Oceana County and within the Western District. Babbin owns and operates a retail coffee and gift shop in Pentwater Michigan, and does business as Oldewick Post Gift Shop.

3. Defendant Laura A. Muirhead is an individual who, upon information and belief, resides at 420 N. Cory Circle, Pentwater, Michigan 49449 in Oceana County and within the Western District.

4. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §§ 1338(a) and §1331.

5. This Court has subject matter jurisdiction over plaintiff's request for declaratory judgment pursuant to 28 U.S.C. § 2201.

6. This Court has personal jurisdiction over Muirhead because she resides within the Western District.

7. This Court has personal jurisdiction over Muirhead for the additional reason that she has engaged in copyright infringement activity directed toward Michigan, specifically, distributing unauthorized copies of the Copyrighted Work in Pentwater to promote her for-profit business. By so doing, she has purposefully availed herself of the benefits of conducting business in the Western District, acting in a way that would lead her to anticipate being brought to court in this state.

8. Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

9. Deborah Lynn Brown created a drawing depicting the Pentwater Village gazebo (sometimes referred to as the "Pentwater bandstand") in or about 2001 (the "Copyrighted Work" or "Work"). Brown has an active and valid copyright registration from the United States Copyright Office covering the Work, assigned registration number VA 2-444-395. See Ex. A (Copyright Registration).

10. Brown is the creator and legal and rightful owner of the Copyrighted Work.

11. Effective December 15, 2011, Brown granted Babbin a perpetual, sole and exclusive license in and to the Copyrighted Work in the United States in connection with using the Copyrighted Work for profit and nonprofit purposes in and around Pentwater Michigan, "specifically including applying the Copyrighted Work (such as by printing, engraving, etc.) to any goods, or reproducing the Copyrighted Work to market goods or services." Babbin and Brown executed a written license reflecting these terms on or about January 22, 2025. *See* Ex. B (Copyright License); *see also* Ex. C (Decl. Deborah Brown affirming authorship and exclusive license to Babbin).

12. The Copyrighted Work is an original, creative work in which plaintiff Babbin owns a protectable copyright interest. Below is the registered Copyrighted Work:



13. Defendant Muirhead copied the Copyrighted Work from an image of the Work printed on a coaster acquired from a shop in Pentwater. On information and belief, defendant

literally scanned or traced the Work to produce the Accused Copy displayed below. Murihead personally engraved each coin using her laser machine. See Ex. D (Dec. 2, 2024 Muirhead Facebook post).

14. The Accused Copy closely resembles the Copyrighted Work. The two are shown below side by side:

**Plaintiff's Copyrighted Work**     **Accused Copy**



15. In or about November and December 2024, Muirhead engraved and distributed her reproduction of the Copyrighted Work, without either Brown's or Babbin's authorization, on at least 50 commemorative coins or "tokens." The first side of the coin reproduces Muirhead's facsimile of the Copyrighted Work (hereinafter "Accused Copy"); the reverse side prominently displays Muirhead's commercial website, lauramuirhead.com. *See* Ex. E (showing Accused 2024 Coin and related Facebook postings by Muirhead and posts by a user under the name "Pentwater Christmas in the Village", believed to be the Pentwater Downtown Development Authority).

16. On or about November 28, 2024, Babbin informed Muirhead in writing of her exclusive rights to the Work. Muirhead nevertheless went forward with distribution of her promotional coin. On information and belief, at least 50 promotional coins bearing the reproduction of the Copyrighted Work to promote Muirhead's website were sold.

17. On or about January 22, 2025 Babbin, through her legal counsel, sent a letter to Muirhead reiterating Babbins' exclusive rights to reproduce the Work, notifying her that Deborah Brown had applied to register a copyright in the Work, and demanding that Muirhead cease and desist from further reproduction or use of the Copyrighted Work.  Ex. F (Jan. 22, 2025 Smith letter to Muirhead).

18. On the same day she received the cease and desist letter, January 22, 2025, Muirhead applied to register the Accused Copy as a design *trademark* with the United States Patent and Trademark Office.  Muirhead sought registration on the Principal Register in class 014 for a broad variety of goods:

> Non-monetary coins; Collectable coins; Collectible coin sets; Commemorative coins; Souvenir pressed coins; Jewelry; Jewelry charms; Charms being imitation jewelry; Pendants; Necklaces; Charms for necklaces; Bracelets; Watch bracelets; Pins being jewelry; Pins being imitation jewelry; Lapel pins; Jewelry brooches; Brooches being imitation jewelry; Silver-plated brooches being jewelry; Watches; Pocket watches; Jewelry watches; Tie clips; Tie clips of precious metal; Cuff links and tie clips; Key rings, key chains and charms therefor; Jewelry boxes; Fitted jewelry pouches; Jewelry cases; Holiday ornaments of precious metal, other than Christmas tree ornaments; Medals for use as awards; Trophy prize cups of precious metal; Precious metal commemorative plaques; Wall plaques made of precious metal.

*See* Ex. G (Muirhead TM application).

19. Muirhead's applied-for "trademark" is a close copy of the Copyrighted Work that belongs to Brown and is exclusively licensed to defendant Babbin.  An unauthorized reproduction of a copyrighted drawing cannot be used by Muirhead as a trademark.

20. Muirhead's applied-for "trademark" depicts the well-known and beloved gazebo/bandstand in the village of Pentwater, Michigan.  The gazebo is reproduced on scores of goods sold at shops in Pentwater and along Lake Michigan, including souvenirs, jewelry, magnets, coffee mugs, ornaments, etc.  *See* Ex. H (collection of goods ornamented with Pentwater Gazebo).  Goods that display the Copyrighted Work in Exhibit H are indicated by a ©

5

in the caption. Some of the goods, including but not limited to goods sold by plaintiff Babbin, are virtually indistinguishable from the "trademark" for which Muirhead seeks registration.

21. The perspective of the gazebo displayed in the Copyrighted Work is unique; most drawings portray the gazebo directly from the front. Further, relatively few drawings of the gazebo show it in context with the surrounding vegetation. On information and belief, only the Copyrighted Work is drawn 1) in the perspective shown and 2) with the gazebo structure nestled between bushes.

22. The depiction of the gazebo cannot function as a trademark because it is merely ornamentation and would not be perceived as a source identifier. *See* 15 U.S.C. §§ 1051, 1052 and 1127. *See also* Trademark Manual of Examination Procedure § 1202.03.

23. Although Muirhead knew that Babbins claimed exclusive rights to use the Copyrighted Work, and although she knew that the gazebo is a well-known and beloved public structure appearing as ornamentation on innumerable souvenirs and gift items, Muirhead's lawyer falsely attested, under penalty of perjury, in the trademark registration application: "To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." Ex. G.

24. In or about December 2025, Muirhead again reproduced a close copy of the Copyrighted Work, without Brown's or Babbin's authorization, engraving the Accused Copy on at least 50 additional coins promoting her website. *See* Ex. I (showing Accused 2025 Coin and related Facebook postings by user "Pentwater Christmas in the Village").

25. Muirhead falsely marked her 2025 promotional coin as a registered trademark. *See* Ex. I.

26. On November 28, 2025, Muirhead, through her legal counsel, falsely communicated to the Pentwater Downtown Development Authority that Babbins' claims of copyright infringement were "baseless," "defamatory," "unsupported," and "rise to the level of harassment." Ex. J (L. Jones 11/28/2025 letter to Babbin cc Pentwater DDA).

27. Muirhead also falsely represented to the Pentwater DDA that Muirhead's gazebo design (*i.e.,* the Accused Copy) was a protectable trademark and warned that Muirhead would "vigorously police and protect" those rights. *Id.* Muirhead thus falsely communicated to the DDA that her pending trademark registration application not only gave her the right to reproduce the Copyrighted Work, but that she had exclusive rights to it.

28. Muirhead's false statements have strained Plaintiff's relationship with members of the Pentwater DDA.

29. Muirhead's hostile threat to assert trademark rights in the gazebo design against Babbin and her retail gift shop threatens plaintiff's ability to sell items ornamented with the Copyrighted Work or similar ornamentation, such as those identified in Exhibit H.

## COUNT 1: COPYRIGHT INFRINGEMENT

30. Plaintiff incorporates paragraphs 1-29.

31. At least by early December 2024, and no later than January 22, 2025, Muirhead had notice of Babbins' and Brown's copyright interest in the Copyrighted Work. Neither Brown nor Babbin has granted Muirhead a license or the right to reproduce or use the Copyrighted Work in any manner.

32. Without permission or authorization from Brown, and in willful violation of Brown's and Plaintiff's rights under 17 U.S.C. §106, Muirhead improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

33. Muirhead's reproduction of a close copy of the Copyrighted Work and display and use of the Accused Copy constitutes willful copyright infringement.

34. Upon information and belief, Muirhead willfully infringed upon the Copyrighted Work in violation of Title 17 of the U.S. Code, in that Muirhead used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Work without consent or authority, at a minimum by 1) reproducing it on at least 100 tokens promoting her business and 2) reproducing it in her application to register the Accused Copy with the United States Patent and Trademark Office as her own trademark.

35. As a result of Muirhead's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Muirhead's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

36. As a result of Muirhead's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

### COUNT 2:  DECLARATORY JUDGMENT THAT MUIRHEAD MAY NOT USE OR REGISTER THE ACCUSED COPY AS A TRADEMARK

37. Plaintiff incorporates paragraphs 1-36.

38. Muirhead applied to U.S. Patent and Trademark Office to register the Accused Copy on January 22, 2025.

39. On October 7, 2025, the trademark examiner allowed the Accused Copy as a registrable trademark.  The mark may not be formally registered unless and until Muirhead files and acceptable declaration of use in commerce and a specimen proving use.

40. As of December 10, 2025, Muirhead has not filed the requisite declaration of use in commerce nor a specimen.

41. Muirhead's asserted trademark is an infringed copy of the Copyrighted Work, and is prohibited from reproduction as a trademark or any other display without the consent of the owner.

42. The Accused Copy cannot operate as a trademark because the applied-for mark is merely ornamentation applied to innumerable goods sold in and around Pentwater, and thus cannot serve as a source identifier.

43. Muirhead falsely marked her 2025 promotional coins that the gazebo drawing was registered. The improper use of a registration notice in connection with an unregistered mark, if done with intent to deceive the purchasing public or others in the trade into believing that the mark is registered, is a ground for denying the registration of an otherwise registrable mark. *Copelands' Enterprises Inc. v. CNV Inc.*, 945 F.2d 1563, 1566 (Fed. Cir. 1991).

44. Muirhead knowingly and willfully used the ® symbol in connection with her 2025 promotional coin in an attempt to deceive or mislead the Pentwater DDA, consumers, or others in and around Pentwater Michigan into believing that Muirhead's fanciful "trademark" was registered.

45. There is a significant likelihood that during the pendency of this case, the United States Patent and Trademark Office may register Muirhead's applied-for mark.

46. This Court should declare that Muirhead may not use the Accused Copy as a trademark, nor register it on any state or federal registry.

## JURY DEMAND

Plaintiff demands a jury for all jury-triable issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and against Defendant as follows:

A.  That Defendant infringed Plaintiff's copyright interest in and to the Copyrighted Work by copying it then distributing and displaying at least 100 copies of the Accused Copy without a license or consent in violation of 17 U.S.C. §501 et seq.;

B.  An award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven; or, in the alternative, at Plaintiff's election, an award for statutory damages against the Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

C.  An injunction pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

D.  A declaration that Muirhead may not use the Accused Copy as a trademark, nor attempt to register it with any state or federal registry.

E.  Costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

F.  Pre-judgment interest as permitted by law; and

G.  Any other relief the Court deems just and proper.

DATED:  December 15, 2025

**ENDURANCE LAW GROUP PLC**

By:  */s/ Bradley L Smith*
Bradley L. Smith
133 W. Michigan Avenue, Suite 10
Jackson, Michigan 49201
(517) 879-0253
*Attorneys for Plaintiff*
bsmith@endurancelaw.com