## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

Crystal C. Babbin,

      Plaintiff,

v.

Laura A. Muirhead,

      Defendant.

Case No.

Hon.

Magistrate Judge:

**COMPLAINT**

**Jury Demanded**

---

Bradley L. Smith (P48138)
ENDURANCE LAW GROUP PLC
133 W. Michigan Avenue, Suite 10
Jackson, Michigan 49201
(517) 879-0253
Attorneys for Plaintiff
bsmith@endurancelaw.com

---

Plaintiff Crystal Babbin complains against defendant Laura Muirhead as follows.

### SUMMARY OF ACTION

1.      This action seeks an injunction and recovery of damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*., and a declaration that defendant may not use or register her reproduction of the Copyrighted Work as a trademark.  Plaintiff Crystal Babbin owns the sole and exclusive rights to reproduce a drawing of the Pentwater gazebo in the vicinity of Pentwater Michigan.  Defendant Muirhead knows that the Work is protected by a registered copyright and that Plaintiff is the sole licensee for its commercial use.  Nevertheless, defendant without authorization personally copied the Work and reproduced it at least 100 times, engraving a close copy on coins sold in Pentwater to promote defendant's commercial website:  www.lauramuirhead.com.

## PARTIES AND JURISDICTION

2.      Plaintiff Crystal C. Babbin is an individual residing at 134 S. Hancock St., Pentwater, Michigan 49449 in Oceana County and within the Western District.  Babbin owns and operates a retail coffee and gift shop in Pentwater Michigan, and does business as Oldewick Post Gift Shop.

3.      Defendant Laura A. Muirhead is an individual who, upon information and belief, resides at 420 N. Cory Circle, Pentwater, Michigan 49449 in Oceana County and within the Western District.

4.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §§ 1338(a) and §1331.

5.      This Court has subject matter jurisdiction over plaintiff's request for declaratory judgment pursuant to 28 U.S.C. § 2201.

6.      This Court has personal jurisdiction over Muirhead because she resides within the Western District.

7.      This Court has personal jurisdiction over Muirhead for the additional reason that she has engaged in copyright infringement activity directed toward Michigan, specifically, distributing unauthorized copies of the Copyrighted Work in Pentwater to promote her for-profit business.  By so doing, she has purposefully availed herself of the benefits of conducting business in the Western District, acting in a way that would lead her to anticipate being brought to court in this state.

8.      Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

9.      Deborah Lynn Brown created a drawing depicting the Pentwater Village gazebo (sometimes referred to as the "Pentwater bandstand") in or about 2001 (the "Copyrighted Work" or "Work").  Brown has an active and valid copyright registration from the United States Copyright Office covering the Work, assigned registration number VA 2-444-395.  See Ex. A (Copyright Registration).

10.     Brown is the creator and legal and rightful owner of the Copyrighted Work.

11.     Effective December 15, 2011, Brown granted Babbin a perpetual, sole and exclusive license in and to the Copyrighted Work in the United States in connection with using the Copyrighted Work for profit and nonprofit purposes in and around Pentwater Michigan, "specifically including applying the Copyrighted Work (such as by printing, engraving, etc.) to any goods, or reproducing the Copyrighted Work to market goods or services."  Babbin and Brown executed a written license reflecting these terms on or about January 22, 2025.  *See* Ex. B (Copyright License); *see also* Ex. C (Decl. Deborah Brown affirming authorship and exclusive license to Babbin).

12.     The Copyrighted Work is an original, creative work in which plaintiff Babbin owns a protectable copyright interest.  Below is the registered Copyrighted Work:



13.     Defendant Muirhead copied the Copyrighted Work from an image of the Work printed on a coaster acquired from a shop in Pentwater.  On information and belief, defendant

3

literally scanned or traced the Work to produce the Accused Copy displayed below.  Muirhead

personally engraved each coin using her laser machine.  See Ex. D (Dec. 2, 2024 Muirhead

Facebook post).

14.    The Accused Copy closely resembles the Copyrighted Work.  The two are shown

below side by side:

**Plaintiff's Copyrighted Work**                **Accused Copy**



15.    In or about November and December 2024, Muirhead engraved and distributed

her reproduction of the Copyrighted Work, without either Brown's or Babbin's authorization, on

at least 50 commemorative coins or "tokens."  The first side of the coin reproduces Muirhead's

facsimile of the Copyrighted Work (hereinafter "Accused Copy"); the reverse side prominently

displays Muirhead's commercial website, lauramuirhead.com.  *See* Ex. E (showing Accused

2024 Coin and related Facebook postings by Muirhead and posts by a user under the name

"Pentwater Christmas in the Village", believed to be the Pentwater Downtown Development

Authority).

16.    On or about November 28, 2024, Babbin informed Muirhead in writing of her

exclusive rights to the Work.  Muirhead nevertheless went forward with distribution of her

promotional coin.  On information and belief, at least 50 promotional coins bearing the

reproduction of the Copyrighted Work to promote Muirhead's website were sold.

17.     On or about January 22, 2025 Babbin, through her legal counsel, sent a letter to Muirhead reiterating Babbins' exclusive rights to reproduce the Work, notifying her that Deborah Brown had applied to register a copyright in the Work, and demanding that Muirhead cease and desist from further reproduction or use of the Copyrighted Work.  Ex. F (Jan. 22, 2025 Smith letter to Muirhead).

18.     On the same day she received the cease and desist letter, January 22, 2025, Muirhead applied to register the Accused Copy as a design _trademark_ with the United States Patent and Trademark Office.  Muirhead sought registration on the Principal Register in class 014 for a broad variety of goods:

> Non-monetary coins; Collectable coins; Collectible coin sets; Commemorative coins; Souvenir pressed coins; Jewelry; Jewelry charms; Charms being imitation jewelry; Pendants; Necklaces; Charms for necklaces; Bracelets; Watch bracelets; Pins being jewelry; Pins being imitation jewelry; Lapel pins; Jewelry brooches; Brooches being imitation jewelry; Silver-plated brooches being jewelry; Watches; Pocket watches; Jewelry watches; Tie clips; Tie clips of precious metal; Cuff links and tie clips; Key rings, key chains and charms therefor; Jewelry boxes; Fitted jewelry pouches; Jewelry cases; Holiday ornaments of precious metal, other than Christmas tree ornaments; Medals for use as awards; Trophy prize cups of precious metal; Precious metal commemorative plaques; Wall plaques made of precious metal.

_See_ Ex. G (Muirhead TM application).

19.     Muirhead's applied-for "trademark" is a close copy of the Copyrighted Work that belongs to Brown and is exclusively licensed to defendant Babbin.  An unauthorized reproduction of a copyrighted drawing cannot be used by Muirhead as a trademark.

20.     Muirhead's applied-for "trademark" depicts the well-known and beloved gazebo/bandstand in the village of Pentwater, Michigan.  The gazebo is reproduced on scores of goods sold at shops in Pentwater and along Lake Michigan, including souvenirs, jewelry, magnets, coffee mugs, ornaments, etc.  _See_ Ex. H (collection of goods ornamented with Pentwater Gazebo).  Goods that display the Copyrighted Work in Exhibit H are indicated by a ©

in the caption.  Some of the goods, including but not limited to goods sold by plaintiff Babbin, are virtually indistinguishable from the "trademark" for which Muirhead seeks registration.

21.    The perspective of the gazebo displayed in the Copyrighted Work is unique; most drawings portray the gazebo directly from the front.  Further, relatively few drawings of the gazebo show it in context with the surrounding vegetation.  On information and belief, only the Copyrighted Work is drawn 1) in the perspective shown and 2) with the gazebo structure nestled between bushes.

22.    The depiction of the gazebo cannot function as a trademark because it is merely ornamentation and would not be perceived as a source identifier.  *See* 15 U.S.C. §§ 1051, 1052 and 1127.  *See also* Trademark Manual of Examination Procedure § 1202.03.

23.    Although Muirhead knew that Babbins claimed exclusive rights to use the Copyrighted Work, and although she knew that the gazebo is a well-known and beloved public structure appearing as ornamentation on innumerable souvenirs and gift items, Muirhead's lawyer falsely attested, under penalty of perjury, in the trademark registration application: "To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."  Ex. G.

24.    In or about December 2025, Muirhead again reproduced a close copy of the Copyrighted Work, without Brown's or Babbin's authorization, engraving the Accused Copy on at least 50 additional coins promoting her website.  *See* Ex. I (showing Accused 2025 Coin and related Facebook postings by user "Pentwater Christmas in the Village").

25.    Muirhead falsely marked her 2025 promotional coin as a registered trademark. *See* Ex. I.

26.     On November 28, 2025, Muirhead, through her legal counsel, falsely communicated to the Pentwater Downtown Development Authority that Babbins' claims of copyright infringement were "baseless," "defamatory," "unsupported," and "rise to the level of harassment."  Ex. J (L. Jones 11/28/2025 letter to Babbin cc Pentwater DDA).

27.     Muirhead also falsely represented to the Pentwater DDA that Muirhead's gazebo design (*i.e.,* the Accused Copy) was a protectable trademark and warned that Muirhead would "vigorously police and protect" those rights.  *Id.*  Muirhead thus falsely communicated to the DDA that her pending trademark registration application not only gave her the right to reproduce the Copyrighted Work, but that she had exclusive rights to it.

28.     Muirhead's false statements have strained Plaintiff's relationship with members of the Pentwater DDA.

29.     Muirhead's hostile threat to assert trademark rights in the gazebo design against Babbin and her retail gift shop threatens plaintiff's ability to sell items ornamented with the Copyrighted Work or similar ornamentation, such as those identified in Exhibit H.

## COUNT 1:  COPYRIGHT INFRINGEMENT

30.     Plaintiff incorporates paragraphs 1-29.

31.     At least by early December 2024, and no later than January 22, 2025, Muirhead had notice of Babbins' and Brown's copyright interest in the Copyrighted Work.  Neither Brown nor Babbin has granted Muirhead a license or the right to reproduce or use the Copyrighted Work in any manner.

32.     Without permission or authorization from Brown, and in willful violation of Brown's and Plaintiff's rights under 17 U.S.C. §106, Muirhead improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

33.     Muirhead's reproduction of a close copy of the Copyrighted Work and display and use of the Accused Copy constitutes willful copyright infringement.

34.     Upon information and belief, Muirhead willfully infringed upon the Copyrighted Work in violation of Title 17 of the U.S. Code, in that Muirhead used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Work without consent or authority, at a minimum by 1) reproducing it on at least 100 tokens promoting her business and 2) reproducing it in her application to register the Accused Copy with the United States Patent and Trademark Office as her own trademark.

35.     As a result of Muirhead's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Muirhead's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

36.     As a result of Muirhead's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## COUNT 2:  DECLARATORY JUDGMENT THAT MUIRHEAD MAY NOT USE OR REGISTER THE ACCUSED COPY AS A TRADEMARK

37.     Plaintiff incorporates paragraphs 1-36.

38.     Muirhead applied to U.S. Patent and Trademark Office to register the Accused Copy on January 22, 2025.

39.     On October 7, 2025, the trademark examiner allowed the Accused Copy as a registrable trademark.  The mark may not be formally registered unless and until Muirhead files and acceptable declaration of use in commerce and a specimen proving use.

40.     As of December 10, 2025, Muirhead has not filed the requisite declaration of use in commerce nor a specimen.

41.     Muirhead's asserted trademark is an infringed copy of the Copyrighted Work, and is prohibited from reproduction as a trademark or any other display without the consent of the owner.

42.     The Accused Copy cannot operate as a trademark because the applied-for mark is merely ornamentation applied to innumerable goods sold in and around Pentwater, and thus cannot serve as a source identifier.

43.     Muirhead falsely marked her 2025 promotional coins that the gazebo drawing was registered.  The improper use of a registration notice in connection with an unregistered mark, if done with intent to deceive the purchasing public or others in the trade into believing that the mark is registered, is a ground for denying the registration of an otherwise registrable mark. *Copelands' Enterprises Inc. v. CNV Inc.*, 945 F.2d 1563, 1566 (Fed. Cir. 1991).

44.     Muirhead knowingly and willfully used the ® symbol in connection with her 2025 promotional coin in an attempt to deceive or mislead the Pentwater DDA, consumers, or others in and around Pentwater Michigan into believing that Muirhead's fanciful "trademark" was registered.

45.     There is a significant likelihood that during the pendency of this case, the United States Patent and Trademark Office may register Muirhead's applied-for mark.

46.     This Court should declare that Muirhead may not use the Accused Copy as a trademark, nor register it on any state or federal registry.

## JURY DEMAND

Plaintiff demands a jury for all jury-triable issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and against Defendant as follows:

A.  That Defendant infringed Plaintiff's copyright interest in and to the Copyrighted Work by copying it then distributing and displaying at least 100 copies of the Accused Copy without a license or consent in violation of 17 U.S.C. §501 et seq.;

B.  An award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven; or, in the alternative, at Plaintiff's election, an award for statutory damages against the Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

C.  An injunction pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

D.  A declaration that Muirhead may not use the Accused Copy as a trademark, nor attempt to register it with any state or federal registry.

E.  Costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

F.  Pre-judgment interest as permitted by law; and

G.  Any other relief the Court deems just and proper.


DATED:  December 15, 2025

**ENDURANCE LAW GROUP PLC**


By:_____*/s/ Bradley L Smith*_____
Bradley L. Smith
133 W. Michigan
Avenue, Suite 10
Jackson, Michigan 49201
(517) 879-0253
*Attorneys for Plaintiff*
bsmith@endurancelaw.com

10

# Exhibit A

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-444-395

**Effective Date of Registration:**
January 21, 2025
**Registration Decision Date:**
May 06, 2025

---

## Title

| | |
|---|---|
| Title of Work: | Pentwater Bandshell |

## Completion/Publication

| | |
|---|---|
| Year of Completion: | 2001 |
| Date of 1st Publication: | December 31, 2001 |
| Nation of 1st Publication: | United States |

## Author

| | |
|---|---|
| • Author: | Deborah L Brown |
| Author Created: | 2-D artwork |
| Work made for hire: | No |
| Citizen of: | United States |
| Year Born: | 1955 |

## Copyright Claimant

| | |
|---|---|
| Copyright Claimant: | Deborah L Brown |
| | 141 Taylor Ave., Jackson, MI, 49203, United States |

## Rights and Permissions

| | |
|---|---|
| Organization Name: | Endurance Law Group PLC |
| Name: | Bradley L Smith |
| Email: | bsmith@endurancelaw.com |
| Telephone: | (517)879-0253 |
| Alt. Telephone: | (517)879-0253 |
| Address: | 156 W. Michigan Ave |
| | Ste. 55 |
| | Jackson, Michigan 49201 United States |

## Certification

**Name:** Bradley L Smith
**Date:** January 20, 2025
**Applicant's Tracking Number:** BABBIN-C0001



# Exhibit B

# COPYRIGHT LICENSE AGREEMENT

This AGREEMENT is made as of December 15, 2011, by and between Deborah Lynn Brown, an individual residing at 141 Taylor Avenue, Jackson, Michigan 49203 (Licensor) and Crystal Babbin, dba Oldewick Post, 134 S. Hancock St. PO Box 333, Pentwater, Michigan 49449 (Licensee).

WHEREAS

A.  Licensor has designed, produced, and owns all rights to a 2-dimensional drawing known as "Pentwater Bandshell" U.S. Copyright Reg. application no. 1-14680492871 ("the Drawing").

B.  Since about 2011, Licensee has continuously owned Oldewick Post, a business engaged in retail sales of gifts and similar items in Pentwater Michigan.

C.  Since about 2011, Licensor has expressly permitted Licensee to use the Drawing in connection with Licensee's business.

D.  Licensor and Licensee desire to formalize the foregoing license agreement on the terms and conditions described below.

NOW, THEREFORE, it is agreed as follows:

## 1    Definitions

1.1  The *"Copyrighted Work"* shall mean the full extent of Licensor's interests in the Drawing SSAS, including future modifications.

1.2  *"Purpose"* shall mean using the Copyrighted Work in connection with for-profit and not-for-profit activities in and around Pentwater Michigan, specifically including applying the Copyrighted Work (such as by printing, engraving, etc.) to any goods, or reproducing the Copyrighted Work to market goods or services.

1.3  *"Territory"* shall mean the United States.

1.4  *"Term"* shall be retroactive to December 15, 2011 and shall be perpetual unless earlier terminated as provided below.

1.5  *"Derivative Work"* means a copyrightable work based in whole or in part upon the Copyrighted Work.  Derivative Works include, but are not limited to, translations, abridgments, condensations, transformations, adaptations, editorial revisions, annotations, elaborations, and other modifications.

## 2    Grant of Rights

2.1  Licensor grants to Licensee the sole license to publish, distribute, and modify the Copyrighted Work in the Territory for the Term for the Purpose, without payment of royalties, subject to the terms and conditions of this Agreement.

1

2.2    Included in this grant is the right, during the Term of this Agreement and for the Territory, to make Derivative Works of the Copyrighted Work such as to customize the Copyrighted Work to modify the drawing, insert symbols, text, sound and images, and similar modifications desired by Licensee in order to customize the Copyrighted Work to a particular application, such as use on goods.

2.3    Except as specifically authorized herein, Licensee shall not otherwise copy, reproduce, distribute, use, transfer or sublicense the Copyrighted Work.

2.4    Licensee shall not acquire any ownership interest in the Copyrighted Work.  All rights under the Copyrighted Work that are not specifically granted to the Licensee are reserved to the Licensor.  Licensor retains the right to reproduce, use and create Derivative Works of the Copyrighted Work for herself and for any purpose not inconsistent with the Purpose; provided, however, that Licensee shall have the sole license to use the Copyrighted Work for the Purpose in the Territory.

**3    Assignment, Sublicensing**

3.1    Licensee may bequeath or assign her rights under this Agreement to any person who acquires all (or substantially all) of the business assets of Oldewick Post.

3.2    Licensee may sublicense the Copyrighted Work to others, such as vendors of goods to be sold by Licensee, if the sublicense is consistent with the Purpose.  Licensee may not otherwise sublicense the Copyrighted Work to persons not affiliated with Licensee without the express consent of Licensor.

**4    Royalty**

4.1    Licensee shall not pay a royalty to Licensor for use of the Copyrighted Work for the Purpose.

**5    Enforcement**

5.1    Both Licensor or Licensee shall have the right, but not obligation, to enforce the rights in the Copyrighted Work, including pursuing remedies for infringement.  The parties shall reasonably cooperate in any enforcement activity.

**6    Representations and Warranties**

6.1    Licensor represents and warrants to Licensee that it has the full right, power, and authority to enter into this agreement and to grant to Licensee all rights purported to be granted to Licensee; and that the Copyrighted Work is wholly original.

6.2    Licensee represents and warrants to Licensor that it has the full right, power, and authority to enter into this agreement.

2

**7    Termination**

7.1    This agreement shall endure for the Term but shall be subject to early termination by either party, in the event of the failure by the other party to remedy any breach of the conditions set out in this agreement, within one (1) month after receiving written notice to do so.

7.2    Upon the expiry of the Term or the termination of this agreement for any reason, the license and other rights granted to Licensee shall terminate.

**8    Miscellaneous Provisions.**

8.1    This agreement constitutes the parties' entire understanding and is not to be modified except in writing signed by the party sought to be charged.

8.2    This agreement shall be construed according to the law of the State of Michigan.

8.3    Subject to the restrictions on transfer contained above, this agreement shall bind and inure to the benefit of the parties' respective successors and assigns.

8.4    Each party shall execute and deliver to the other and to third persons such other and further instruments and correspondence as shall be reasonably required to effectuate the intents and purposes hereof.

8.5    Nothing contained in this Agreement shall be construed or interpreted as constituting a partnership, joint venture, agency, or employer/employee relationship between the parties. No third person is intended to be a third party beneficiary hereof.

LICENSEE                                         LICENSOR
**Crystal Babbin**                               **Deborah Lynn Brown**


_____ 1/22/25          _____ 1-22-25
(date)                                                          (date)

3

# Exhibit C

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

Crystal C. Babbin,

      Plaintiff,

v.

Laura A. Muirhead,

      Defendant.

Case No.

Hon.

Magistrate Judge:

## DECLARATION OF DEBORAH LYNN BROWN

1. My name is Deborah Lynn Brown.  I have personal knowledge of the following facts and am competent to testify thereto.

2. I created the Copyrighted Work, referenced in the complaint in the above-captioned matter, in or about 2001.  I caused my copyright in the Work to be registered at the United States Copyright Office, Reg. No. VA 2-444-395.

3. In or about 2011, my parents sold substantially all the assets of the Oldewick Post retail shop to Crystal Babbin.  As part of that sale, I granted Babbin a perpetual, royalty-free, sole and exclusive license to use and reproduce the Work in connection with that business, and more broadly for any other uses and activities in and around Pentwater, Michigan.

4. On or about January 22, 2025, Crystal Babbin and I signed a license agreement, reducing our earlier oral agreement to writing.  Babbin has the exclusive right to use my Copyrighted Work in and around Pentwater Michigan.

5. Other than Crystal Babbin, I have not authorized any person to reproduce my Copyrighted Work, including Laura Muirhead.

I declare under penalty of perjury under the laws of the United States of America, and pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct.

Executed on December ___, 2025

_____
Deborah Lynn Brown
141 Taylor Avenue, Jackson, Michigan 49203

# Exhibit D

EXHIBIT D
2024 Infringement



# Exhibit E

EXHIBIT E
Muirhead December 2024 Facebook Post



**Laura Muirhead**

I wish I didn't have to do this but I'm not going to sit by while my name and my business are slandered.

For anyone who has questioned my ethics, or the ethics of my small business, and found it fit to slander both in the past few days:

The design I created is specifically for Christmas in the Village, and the Pentwater School track. The sole intention with this is to support our school that is in need. The accusations not only undermine our efforts but also tarnish the goodwill of an initiative meant to help others.

In addition to drawing the image of the gazebo (a public structure) on

In addition to drawing the image of the gazebo (a public structure) on my iPad, I also personally engraved each coin using my laser machine. Inspiration was taken from photos of the gazebo along with a 25 year old coaster that was purchased at a different store in the village from the one making allegations against me.

In a small community like ours, which thrives on the strength and collaboration of its small businesses, it is particularly disappointing that a charitable action is being used to slander the ethics of a fellow small business & small business owner.

Frankly, the allegations are not only false but also harmful, both to my reputation and to the cause I have worked so hard to support.

I appreciate the support that I have received from people who know the

I appreciate the support that I have received from people who know the truth. As far as I'm concerned this matter is closed. Should anyone one have anything further to say, they will be directed to my legal counsel.

😮🩷❤️ 88        69 comments  3 shares

👍 Like      💬 Comment      ↩ Send      ↗ Share

**Laura Muirhead** ✔
Nov 30, 2024

In case you're interested in being part of the **Hear Us Roar Book &**

# Exhibit F



**ENDURANCE** LAW GROUP®
Registered U.S. Patent Attorneys

| Main Office Location: | Mailing Address: | |
|---|---|---|
| 133 W. Michigan Ave. #10 | 156 W. Michigan Ave. #55 | 517-879-0261  Phone |
| Jackson, MI  49201 | Jackson, MI  49201 | 313-228-1110  Fax |
| | | endurancelaw.com |

Bradley L. Smith
Direct: (517) 879-0253
bsmith@endurancelaw.com

*Via email and Certified Mail*
*info@lauramuirhead.com*

January 22, 2025

Laura Ann Muirhead
P.O. Box 1089
420 Cory Cir
Pentwater, MI 49449

Laura Ann Muirhead
99 W. Mantoloking Dr.
Brick, NJ 08723

RE:  Notice of Copyright, Cease and Desist
MUIRHEAD COPYRIGHT INFRINGEMENT INVESTIGATION
Our Ref:  BABBIN-G0002

Dear Ms. Muirhead:

This firm represents Ms. Crystal Babbin, who operates a gift shop in Pentwater Michigan under the name Oldewick Post.  Our client informs us that you have produced a substantial number of  "Christmas in the Village" commemorative coins featuring a drawing of the Pentwater bandshell, supposedly for charitable fundraising purposes (though the reverse features your website domain where you sell goods and services).



The drawing of the bandshell on your coin is virtually identical to the drawing authored by Deborah Lynn Brown in about 2001 ("the Copyrighted Work") shown below:



Laura Muirhead
January 22, 2025
Page | 2



Since about 2011, Ms. Brown granted Ms. Babbin the sole license to reproduce and use the Copyrighted Work (and derivative works) in connection with for-profit and not-for-profit activities in and around Pentwater Michigan, specifically including reproducing the Copyrighted Work on goods. Ms. Babbin has incorporated the Copyrighted Work into numerous goods sold in her store, including engraved glassware, napkins, stationery and stickers. We understand that at least by early December 2024 you were notified of Ms. Babbin's exclusive claim to rights to the Copyrighted Work, but you nevertheless moved forward with the sale of the infringing coins.

Copyright protection is automatic as soon as expression is fixed in a tangible medium. Ms. Brown's work and Ms. Babbin's rights as sole licensee are thus protected by U.S. copyright law, irrespective of whether the work is formally registered. In fact, Ms. Brown has applied to register the Copyrighted Works with the U.S. Copyright Office (Case No. 1-14680492871) and expects the work to register within the next several months.

Based on the clear similarities between the Copyrighted Work and your commemorative coin, it is certain that a reasonable fact finder will find that you copied Ms. Brown's drawing with only trivial variations. Unauthorized copying and sale of the goods bearing the copyrighted drawing violates United States copyright law. *See* 17 U.S.C. §§501, et seq. Remedies available to our client include:

- an injunction against further infringement of the copyrighted works;
- impounding or destruction of infringing copies;
- damages, including statutory damages of up to $150,000; and
- costs and attorney's fees.

We have been provided with a Facebook Post in which you claim you copied the design from a coaster purchased approximately 25 years ago. Even if true, regardless where you copied the drawing you copied the work without authorization, which is copyright infringement.

We endorse true charitable efforts and promotion of Pentwater, but must demand that you henceforth cease and desist from any further reproduction or use of the Copyrighted Work. We are hopeful that no further action will be necessary, but Ms. Babbin is prepared to vigorously enforce her rights to this valuable intellectual property.

Very truly yours,

ENDURANCE LAW GROUP PLC

Digitally signed by bb0dc8b5-
b76e-4f9d-865a-815926f49554
DN: cn=bb0dc8b5-
b76e-4f9d-865a-815926f49554
Date: 2025.01.22 15:24:54 -05'00'

Bradley L. Smith

cc:    Crystal Babbin

# Exhibit G

**Trademark/service mark application, Principal Register**
Serial number: 99014812
Mark: No wording
Mark format: Design only
Filing date: January 22, 2025 at 2:35:24 PM ET
Docket number:
Owner name: Laura Muirhead
Amount paid: $ 350 (1 class)

# Trademark details

Mark

Mark Description
A gazebo with bushes on each side.

Mark Format
Design only

Color claim
Color is not claimed as a feature of the mark.

# Owner information

| | |
|---|---|
| *Name | Laura Muirhead |
| Entity type | Individual |
| Place of organization/citizenship | United States |
| **Mailing address information** | |
| *Address line 1 | 99 W. Mantoloking Drive |
| *City | Brick |
| *State/territory | New Jersey |
| *Zip/postal code | 08723 |
| *Country/region/jurisdiction/territory | United States |
| *Email address | ******* |
| Primary telephone number | (917) 589-8890 |
| **Domicile address information** | |

The mailing address is the same as the owner's domicile address.

# Goods and services

## Filing basis information

Section 1(b)

## Identification of goods and services

**International Class 014**
Filing basis: Section 1(b)
Non-monetary coins; Collectable coins; Collectible coin sets; Commemorative coins; Souvenir pressed coins; Jewelry; Jewelry charms; Charms being imitation jewelry; Pendants; Necklaces; Charms for necklaces; Bracelets; Watch bracelets; Pins being jewelry; Pins being imitation jewelry; Lapel pins; Jewelry brooches; Brooches being imitation jewelry; Silver-plated brooches being jewelry; Watches; Pocket watches; Jewelry watches; Tie clips; Tie clips of precious metal; Cuff links and tie clips; Key rings, key chains and charms therefor; Jewelry boxes; Fitted jewelry pouches; Jewelry cases; Holiday ornaments of precious metal, other than Christmas tree ornaments; Medals for use as awards; Trophy prize cups of precious metal; Precious metal commemorative plaques; Wall plaques made of precious metal

# Additional statements

Translation (if applicable)
Transliteration (if applicable)
Consent (name/likeness) (if applicable)
Claim of ownership of active prior registrations(s) (if applicable)

Section 2(f) Claim of acquired distinctiveness (if applicable)
Additional statements including use of the mark in another
form (if applicable)
Significance of mark
Disclaimer

# Attorney information

## Attorney name and address

| | |
|---|---|
| *Name | LINDSEY JONES |
| Law firm | LINDSEY JONES PLLC |
| *Address line 1 | P.O. Box 783 |
| *City | Bedford |
| *State/territory | New York |
| *Zip/postal code | 10506 |
| *Country/region/jurisdiction/territory | United States |
| *Email address | law@lindseyjones.com |
| Primary telephone number | (917) 589-8890 |
| Extension | None specified. |

## Attorney registration information

| | |
|---|---|
| *Bar membership or registration number | ******* |
| *Jurisdiction | ******* |
| *Year of admission | ******* |

Statement of good standing
The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state or commonwealth, the District of Columbia, or any U.S. territory.
Docket or reference number

# Correspondence information

| | |
|---|---|
| *Correspondence name | LINDSEY JONES |
| *Primary correspondence email address | law@lindseyjones.com |

# Fee information

| | |
|---|---|
| Application filing option | Trademark/service mark application, Principal Register |
| Number of classes | 1 |
| Base application fee, per class | $ 350 |
| Total fees paid | $ 350 |

# Declaration and signature

## Declaration

[ X ] Basis:
If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):
- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

And/or

If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):
- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

[ X ] To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used

on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

[ X ] To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

[ X ] The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

Electronic Signature                              /Lindsey Jones/
Signatory's name                                  Lindsey Jones
Signatory's position                              Attorney of Record, New York Bar member
Date signed                                       01/22/2025
Signature method                                  Signed directly within the form
STAMP:USPTO/APPB-***.***.**.**-20250122143524230432-99014812-15.9-1e0845e3-b3e3-4bc5-9e67-e0dc4032d89c-CARD-20250122135319675202



# Exhibit H



Photo of Pentwater gazebo/bandshell



Photo of Pentwater gazebo/bandsell



Sketch of Pentwater gazebo/bandshell



poster



ornament



poster



stationery ©



ornament ©



cutting board ©





wine glasses ©





placemats ©

paper napkins, cutting board ©





keychain

souvenir



trivets





charm bracelet





cross stitch



key chain



souvenir



magnets, ornament (left side ©)





art

button/pin







cocoa mix                              ornament



keychain



magnet



pillow



coffee mug



coffee mug ©



cross stitching





bottle opener

candle





sign

key fob



souvenir plate



lip balm



art



stickers



book cover art



magnets



ornament

# Exhibit I

EXHIBIT I
2025 Infringement



# Exhibit J

# Lindsey Jones PLLC

November 28, 2025

By Email Only (oldewickpost@yahoo.com)

Crystal C. Babbin
Oldewick Post Gift Shoppe
134 S. Hancock St, P.O. Box 333
Pentwater, MI 49449

Dear Ms. Babbin:

My client, Laura Muirhead, has forwarded to me your October 8, 2025 letter to the Village of Pentwater (attached) regarding the alleged actions of a "member" or "participant." Though you did not specifically name my client, it was clear to both my client and to the recipient that your statements referenced my client. In fact, your baseless and defamatory accusations - including a thinly veiled threat to the Village regarding their involvement with an allegedly "unauthorized infringed [sic] coin" - have already had an adverse impact on Ms. Muirhead. This must stop. Ms. Muirhead has retained local counsel to defend herself from this egregious behavior. For my part, this letter serves to respond to your mischaracterization of past events.

Contrary to your letter, you have failed to assert a valid claim against my client, specifically, you have presented no legitimate evidence of ownership in any gazebo design, protected by copyright or otherwise. Below is a statement of the facts, with correspondence attached:

A. **January 22, 2025:** Cease and desist letter from your lawyer, Bradley Smith.
B. **February 18, 2025:** Our response to Mr. Smith requesting evidence to support your claims.
C. **February 20, 2025:** Mr. Smith's simple covering email enclosing two PDFs, namely, (1) a U.S. copyright application filed on January 20, 2025 (two days before the cease and desist letter) in the name of Deborah K. Brown; and (2) a copyright license agreement between you and Ms. Brown allegedly dated 2011 but notably, only signed by the parties on January 22, 2025 (the date of the cease and desist letter).
D. **April 2, 2025**: Our response to Mr. Smith's February 20th letter refuting your claim.

Since our April 2nd letter, we have heard nothing further from you or Mr. Smith. This lack of response, combined with your failure to support for your claim with credible evidence, led us to consider the matter concluded. While you cry hardship in your October letter, my client has been forced to incur legal fees and now communicate with the Village regarding your baseless claims.

There are numerous legal and factual misstatements in your October letter which, at best, demonstrate your lack of understanding of the facts and law and at worst, suggest a malicious

P.O. Box 783 - Bedford, NY - 10576
law@lindseyjones.com
917.589.8890

intent.  Based on the evidence you provided through your counsel, nothing Ms. Muirhead has done is "legally considered infringement" nor is there any legal "loophole" which deprived you of any rights.  On the contrary, you simply failed to provide any credible evidence to support your claim, specifically, a hastily-filed copyright application in the name of a third party (Ms. Brown) and a dubious copyright license agreement between you and Ms. Brown which was dated 2011, but only signed on January 22, 2025, the exact date of your lawyer's cease and desist letter.  Despite your assertions to the contrary, Ms. Brown's "original pencil drawing" in your lawyer's office creates no legal right vis-a-vis Ms. Muirhead and significantly, conveys no rights to you.  Despite all of this, you persist in making unsupported assertions against Ms. Muirhead, which now rise to the level of harassment.

In addition, you have made several factual misstatements in your letter to the Village of Pentwater, including accusing my client of stealing.  There was no issue of "facts [which] where [sic] not checked," just your failure to provide evidence to substantiate your claim.  First, contrary to your assertion, Ms. Muirhead drew her own gazebo design and did not scan any item in your store to replicate any gazebo design; notably, your counsel never raised this issue, much less provided any evidence to support it.  Second, as indicated in our letter of April 2nd, there is a genuine question of fact as to whether Ms. Brown herself owns a copyright in the indicated gazebo drawing since, over the past twenty-five years, several other local businesses and organizations have used the same/similar gazebo design for various purposes.  As such, any rights that you may have acquired from Ms. Brown are in question.

As a final matter, my client has trademark protection for the use of her gazebo design in connection with coins and various other items, under U.S. Application Serial No. 99014812 (see attached).  My client will vigorously police and protect those rights.

We trust that this settles the matter and that neither my client nor the Village will hear anything further concerning my client and her lawful use of her gazebo design.  This letter is without prejudice and all of my client's rights and remedies at law and at equity are hereby expressly reserved.

Sincerely,

Lindsey Jones

Attachments (by email)
cc:    Village of Pentwater (Mary Marshall, President, president@pentwatervillage.org)
       Pentwater DDA (Ryan Williams, portviewpentwater@gmail.com)
       Mr. Bradley Smith (bsmith@endurancelaw.com)
       Matthew D. Mills (matt@parmenterlaw.com)