**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

Crystal C. Babbin,

   Plaintiff,

v.

Laura A. Muirhead,

   Defendant.

Case No.   1:25-cv-01794-HYJ

Hon.   Hala Y. Jarbou

Magistrate Judge: Maarten Vermaat

---

**JOINT STATUS REPORT**

   A Rule 16 Scheduling Conference is scheduled for February 26, 2026, at 2:00 p.m., before the Hon. Maarten Vermaat, United States Magistrate Judge. Appearing for the parties as counsel will be:

   Bradley L. Smith
   ENDURANCE LAW GROUP PLC
   133 W. Michigan Avenue, Suite 10
   Jackson, Michigan 49201
   (517) 879-0253
   Attorneys for Plaintiff
   bsmith@endurancelaw.com

   Dean F. Pacific (P57086)
   WARNER NORCROSS & JUDD LLP
   150 Ottawa Avenue, NW, Suite 1500
   Grand Rapids, MI 49503
   616.752.2424
   Attorneys for Defendant
   dpacific@wnj.com

1)  Jurisdiction. The parties do not contest subject matter nor personal jurisdiction.

Basis for Jurisdiction:

   This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §§ 1338(a) and 28 U.S.C. §1331.  It has subject matter jurisdiction over plaintiff's request for declaratory judgment pursuant to 28 U.S.C. § 2201. It has jurisdiction over Defendant's counterclaims pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1332.

1

Plaintiff alleges that this Court has personal jurisdiction over Muirhead because she resides within the Western District and for the additional reason that she has engaged in copyright infringement activity directed toward Michigan, purposefully availing herself of the benefits of conducting business in the Western District, acting in a way that would lead her to anticipate being brought to court in this state.

2) <u>Jury or No Jury</u>:  The case is to be tried to a jury.

3) <u>Judicial Availability</u>: The parties **do not agree** to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgement.

4) <u>Geographic Transfer</u>:  A geographic transfer is not warranted in this case.

5) <u>Statement of the Case</u>: This case involves:

(A) Plaintiff's Claims

Plaintiff Crystal Babbin owns and operates a gift and coffee shop in Pentwater Michigan.  Defendant Laura Muirhead resides in the Village of Pentwater.  The case primarily concerns whether defendant is liable for repeatedly infringing a drawing of the Village bandstand/gazebo that is registered at the U.S. Copyright Office.   Babbin alleges that Laura Muirhead traced or scanned the copyrighted drawing from a coaster without her authorization, engraved/lasered/stamped the infringing drawing on at least 100 coins, imprinted the reverse of the coins with Muirhead's commercial website domain, then distributed the coins in and around Pentwater – ostensibly as a charity fundraiser.  In Count 2 Babbin seeks declaratory judgment that Muirhead may not register the infringing drawing as a trademark with the U.S. Trademark Office.

Babbin asserts that Muirhead's claims of defamation and False Light Invasion of Privacy have no merit.  She intends to move to dismiss them under Rule 12(b)(6) for failure to state a claim.

(B) Defendant's Claims/Defenses

Defendant Laura Muirhead vehemently denies any allegation of copyright infringement. The Pentwater gazebo is a public landmark that is frequently photographed and incorporated into other imagery by many people, and Plaintiff has admitted in writing that this is the case and that it is (of course) permissible. Muirhead created her own image of the gazebo and engraved it on coins that she donated to the Pentwater Christmas in the Village event to help raise money for the local schools. She received no compensation, revenue, or profit from these efforts. When Muirhead created her gazebo image, she did not trace, copy, or scan the work of anyone else. Rather, she borrowed inspiration from a variety of sources, including Muirhead's own photographs taken by her with her camera long before she had even decided to create coins for the event. Muirhead also disputes the contention that her trademark, the depiction of the gazebo, is ineligible for federal trademark registration. Her mark is not

2

used merely ornamental and is capable of functioning as a trademark.

Muirhead has brought two counterclaims against Babbin: (I) Defamation; and (II) False Light Invasion of Privacy, both under Michigan law. Muirhead's alleges that Babbin falsely published to third parties and the general public that Muirhead had stolen the gazebo artwork and passed it off as her own. These accusations have caused significant injury to Muirhead's name and reputation. Yet, Babbin refused to retract the statements when Muirhead requested her to do so.

6)  Pendent State Claims:  Defendant's counterclaims arise under Michigan law.

7)  Joinder of Parties and Amendment of Pleadings: The parties expect to file all motions for joinder of parties to the action and to file all motions to amend the pleadings by:

    i.  Other parties shall be joined pursuant to Fed. R. Civ. P. 19 and 20 by **April 1, 2026**.  A motion to leave to add parties is not necessary provided parties are added by this date, otherwise leave of court is required.

    ii.  Amended pleadings shall be filed by **April 1, 2026**.  A motion for leave to amend is not necessary.

8)  Disclosures and Exchanges:

    i.  Fed. R. Civ. P. 26(a)(1) disclosures:

**The parties will mutually exchange their Rule 26(a)(1) initial disclosures by March 26, 2026.**

    ii.  (objections to 26(1) disclosures) - not applicable

    iii.  (26(1) disclosures not required) - not applicable

    iv.  Fed. R. Civ. P. 26(a)(2) (disclosure of experts):

**The parties shall disclose the name(s) and subject matter on which the expert is expected to testify for any expert witnesses by July 15, 2026, and provide a written report of such expert by August 15, 2026.  Any rebuttal expert reports shall be exchanged by September 15, 2026.**

    v.  voluntary disclosures of documents – not applicable.

9)  Discovery: The parties believe that all discovery proceedings and responses can be completed by **September 26, 2026.** The parties recommend the following discovery plan:

**Subjects upon which discovery may be needed:**

   a.    **Conduct of discovery: Discovery need not be completed in phases or limited to/focused on certain issues.**

   b.    **Limitations on discovery: Presumptive limits shall apply.**

   c.    **Presumptive time limits for depositions of one day of seven hours should not be modified in this case. FED. R. CIV. P. 30(d)(1).**

10) Electronic Stored Information.  The parties anticipate relatively limited ESI discovery and that any ESI-related issues can be resolved between counsel.

11) Assertion of claims of privilege or work-Product Immunity after production.  The parties agree to follow Fed. R. Civ. P. 26(b)(5)(B).

12) Motions:  Plaintiff anticipates filing a 12(b)(6) motion to dismiss defendant's counterclaims by  February 23.   The parties anticipate that all dispositive motions will be filed by **October 26, 2026**.

13) Alternative Dispute Resolution: The parties recommend that this case be submitted to the following method(s) of alternative dispute resolutions:

   **The parties are open to conducting a judicial settlement conference or voluntary facilitative mediation at a place and time convenient to the parties.  The parties look forward to discussing options at the status conference.**

14) Length of Trial. Plaintiff estimates the trial will last approximately **three (3) to five (5)** days, total, allocated as follows: **two (2)** days for plaintiff's case, **two (2)** days for defendant's case, and **zero (0)** days for other parties.

15) Prospects of Settlement. The status of settlement negotiation is:

   **The participating parties have had settlement discussions; however, their discussions to date have not resulted in any agreement.  The parties continue to discuss.**

16) Electronic Document Filing System: Counsel **agrees** to abide by the requirements of Local Civil Rule 5.7(a) requiring attorneys to file and serve all documents electronically, by means of the Court's EM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.

17) Other:

   **None.**

Dated: February 18, 2026

Respectfully submitted,


/s/ Bradley L. Smith

Bradley L. Smith (P48138)
Endurance Law Group PLC
156 W. Michigan Ave. #55
Jackson, MI 49201
(517) 879-0253
*Attorneys for plaintiff*
bsmith@endurancelaw.com

/s/ Dean F. Pacific (by BLS with consent)

Dean F. Pacific (P57086)
WARNER NORCROSS & JUDD LLP
150 Ottawa Avenue, NW, Suite 1500
Grand Rapids, MI 49503
616.752.2424
*Attorneys for Defendant*
dpacific@wnj.com